**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHILLIP JEAN-LAURENT,

        Plaintiff,

-against-

P.O. DIANE BOWMAN;  UNDER COVER #12562;
P.O. RUSSELL GRAZIANO; SGT. JOSEPH MASCIA;
JOHN DOE #1;  JOHN DOE #2;  JOHN DOE #3;
JOHN DOE #4;  JOHN DOE #5;  JOHN DOE #6;
THE NEW YORK CITY POLICE DEPARTMENT,

        Defendants.

---

MATSUMOTO, J.

COMPLAINT
under the
CIVIL RIGHTS ACT
of 1871
42 U.S.C. 1983

BLOOM, M.J.

CV12 2954

JURY TRIAL DEMANDED



RECEIVED
JUN 11 2012
PRO SE OFFICE

### I. *Introduction*

1. Plaintiff Phillip Jean-Laurent brings this action against individual members of the New York City Police Department, to redress the violation of rights secured to him in the Bill of Right by the Amendments to the United States Constitution.

### II. *Complaint*

2. This is a complaint pursuant to the Civil Rights Act of 1871 as codified in title 42 of the United States Code, Section 1983.

### III. *Jurisdiction*

3. This action is brought pursuant to title 42 of the United States Code, Section 1983 to vindicate the violation of rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution.

4. Plaintiff is a resident of the State of New York.

5. Upon information and belief, each and all of the defendants herein are residents of the State of New York.

6. Pursuant to Article III, Section 2 of the United States Constitution and title 28 of the United States Code, Sections 1331 and 1343, jurisdiction is vested in this United States District Court to hear and decide federal claims arising under the Constitution, laws and treatises of the United States.

7. The Federal Eastern District Court sitting in and for the eastern part of New York State is designated as the place of venue for claims arising out of the County of Queens, State of New York, by Sections 112(c) and 1391 of title 28 of the United States Code.

8. And pursuant to title 28 of the United States Code, Section 1367, the supplemental jurisdiction of the Court is invoked over state law claims.

## IV. *Parties*

9. Phillip Jean-Laurent is the Plaintiff in this action, whose mailing address is P.O. Box 200016, South Ozone Park, New York 11420-0016.

10. Defendants Diane Bowman, Under Cover #12562, Russell Graziano, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 were at all relevant times herein employed by the New York City Police Department, and at all relevant times herein acted under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and usages of the City of New York in the capacity of police officers. This action is being brought against them in their individual and official capacities.

11. Defendant Joseph Mascia was at all relevant times herein employed by the New York City Police Department, and at all relevant times herein acted under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and usages of the City of New York in the capacity of a sergeant. This action is being brought against him in his individual and official capacity.

12. The New York City Police Department at all relevant times employed the named police officers and at all relevant times herein acted under the color and pretense of laws, statutes, regulation, ordinances, policies, customs and usages of the City of New York in the capacity of a Department of the Municipality. This action is being brought against the Department in its official capacity.

## V. *Statement of Facts*

13. On May 5, 2011, Under Cover Officer (hereinafter "the UCO") while in the County of Queens near the intersection of Rockaway Boulevard and 129th Street, flagged plaintiff as if in need of directions.

14. When plaintiff responded to the UCO"s flagging, she proposed to him sexual favors in exchange for a sum of money which plaintiff declined and walked away.

15. When plaintiff reached the intersection of Rockaway Boulevard and 130th Street, at least three unmarked police vehicles converged upon him, at which point he was apprehended and arrested by defendants Bowman, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3 and John Doe #4.

16. Plaintiff was then detained in a police passenger van John Doe #5 and John Doe #6 with approximately nine other individuals who encountered the UCO, and they were all similarly criminally charged for purportedly Patronizing a Prostitute in the Third Degree pursuant to New York's Penal Law statute.

17. After approximately 24 hours of imprisonment, plaintiff was released on his own recognizance upon arraignment, but was compelled to appear and defend in court against the crime charged during the course of a nine months period until the charge was eventually dismissed on March 12, 2012.

18. The commencement of the criminal action against plaintiff was by the filing of a misdemeanor complaint dated May 6, 2011 in the Queens County Criminal Court, endorsed by Bowman, along with a supporting deposition purportedly endorsed by the UCO and approved by the Mascia, containing knowingly false allegations that plaintiff offered and agreed to receive fellatio from the UCO in exchange of a sum of united states currency. An arrest report was also created by Graziano and approved by Mascia bearing similar false written statements.

19. By virtue of knowledge and authorization of high ranking policy making officials within the New York City Police Department (the Department), the named and unidentified officers were permitted to conduct prostitution sting operations whereby an undercover officer would solicit and initiate proposals for sexual favors in exchange for money, the arrest the solicitee for patronizing a prostitute whether or not any agreements were ever made, and irrespective of whether the solicitee accepted or declined the proposal for sexual favors in exchange for money.

20. By virtue of knowledge and authorization of high ranking policy making official of the Department, police precincts were permitted to conduct sting operations as a means of maintaining arrest quotas and generate revenue for the City of New York.

21. Consequent of Jean-Laurent's false arrest, false imprisonment and malicious prosecution he was deprived of his liberty and sustained economic; he was humiliated and embarrassed, degraded and suffered extreme emotional distress.

22. Also consequent of his arrest by the defendants, Jean-Laurent was imprisoned for violating the conditions of his parole which caused him to be fired from his job and lose educational opportunities.

## VI. *Causes of Action*

### **FEDERAL CONSTITUTIONAL CLAIMS**
### **FALSE ARREST CLAIMS**
### *Count I*

23. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Masica, John Doe #1, John Doe #2, John Doe #3, John Doe #4, Joh Doe #5 and John Doe #6 unprivileged warrantless arrest of Jean-Laurent without probable cause violated rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### *Count II*

24. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 unprivileged warrantless arrest of Jean-Laurent without probable cause was knowingly and willfully, with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the Fourth and Fourteenth Amendment to the United States Constitution, for which

he is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## ***FALSE IMPRISONMENT CLAIMS***
### ***Count III***

25. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 intended to confine and imprisoned Jean-Laurent against his will and without privilege in violation of right secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### ***Count IV***

26. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe#1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 knowingly and willfully intended to confined and imprisoned Jean-Laurent against his will without privilege with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the Fourth and Fourteenth Amendment to the United States Constitution, for which he is entitled to an award of compensatory damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## *MALICIOUS PROSECUTION CLAIMS*
### *Count V*

27. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano and Mascia commenced and continued a criminal action against Jean-Laurent without probable cause and with actual malice that terminated in his favor in violation of rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are liable to him for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### *Count VI*

28. By reference to the allegations set forth herein, defendant Bowman, the UCO, Graziano and Mascia knowingly and willfully commenced and continued a criminal action against Jean-Laurent with malice aforethought and with wanton indifference to and deliberate disregards for the rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which he is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## *ABUSE OF PROCESS CLAIMS*
### *Count VII*

29. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano and Mascia employed regularly issued legal process to extract revenue from Jean-Laurent with intent to cause him harm without excuse or justification for collateral objectives

outside the legitimate ends of the process, in violation of rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to him for compensatory damages in the amount of Fifty Thousand (($50,000) dollars.

### *Count VIII*

30. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano and Masica employed regular issued process against Jean-Laurent with intent to cause him harm without excuses or justification and for collateral objectives outside the legal process, with malice aforethought and with wanton indifference to and deliberate disregards for the rights plaintiff secured by the Fourth and Fourteenth Amendment to the Constitution, for which he is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## *MUNICIPALITY LIABILITY CLAIM*
### *Count IX*

31. By reference to the allegations set forth herein, the New York City Police Department created and maintained or allowed there to exist a written or unwritten policy by which sting operations were conducted as a means of maintaining arrest quotas and generating revenue for the City of New York, in violation of rights secured to Jean-Laurent by the Fourth and Fourteenth Amendment to the United States Constitution, for the Department is liable to him for compensatory damages in the amount of Two Hundred Thousand ($200,000) dollars.

## STATE LAW CLAIMS
## INJURIOUS FALSEHOOD CLAIMS
### Count X

32. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, and Mascia maliciously and knowingly made false written statements against Jean-Laurent with intent to cause him harm that a reasonable prudent person would or should anticipate, and for which they are jointly and severally liable to him for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count XI

33. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano and Mascia knowingly and maliciously made false and misleading written statements against Jean-Laurent with malice aforethought for which he is entitled to an award of exemplary damages against in the amount of Ten Thousand ($10,000) dollars individually.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS
### Count XII

34. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 by their extreme and outrageous conduct intentionally cause Jean-Laurent to suffer extreme emotional distress, for which they are jointly and severally liable to him for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### *Count XIII*

35. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 knowingly and willfully, and with malicious aforethought, cause Jean-Laurent to suffer severe emotional distress they inflicted upon him by their extreme and outrageous conduct, for he is entitled to an award of exemplary damages against in the amount of Ten Thousand ($10,000) dollars individually.

### *CONSPIRACY CLAIMS*
### *Count XIV*

36. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6 and the Department conspired to wrongfully and unlawfully arrest, imprison and maliciously prosecute Jean-Laurent for the purpose of causing him economic harm, for which they are jointly and severally liable to him for compensatory damages in the amount of Two Hundred Thousand ($200,000) dollars.

### *Count XV*

37. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, Mascia, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5 and John Doe #6 wrongfully and unlawfully arrested, imprisoned and maliciously prosecuted Jean-

Laurent with intent to cause him economic harm, for which he is entitle to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## *DEFAMATION CLAIMS*
### *Count XVI*

38. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, and Mascia orally made and published false written statements of Jean-Laurent that he patronized a prostitute that is defamatory per se which tends to expose him contempt, ridicule, aversion, disgrace and induce an evil opinion of him which have deprived him of friendly intercourse with society, for which they are jointly and severally liable to him for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### *Count XVII*

39. By reference to the allegations set forth herein, defendants Bowman, the UCO, Graziano, and Mascia orally made and published false written statements of Jean-Laurent wrongfully and maliciously that he patronized a prostitute with the intent to expose him to public contempt, ridicule, aversion, disgrace and induce an evil opinion of him in the minds of right thinking persons to deprive him of their friendly society, for which plaintiff is entitle to exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## V. *Relief*

40. Plaintiff seeks compensatory damages against the defendants jointly and severally in the amount of Two Hundred and Ninety-Five Thousand ($295, 000) dollars.

41. Plaintiff seeks exemplary damages against each of the defendants individually in the amount of Ten Thousand ($10,000) dollars on each individual claims.

## VI. *Previous Lawsuits*

42. No previous lawsuits have been filed in any state or federal court regarding the facts involved herein.

Signed on this 4th day of June, 2012. I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements made herein are true and correct.

6/11/12

Respectfully Submitted,

Phillip Jean-Laurent
Plaintiff, Pro Se
P.O. Box 200016
South Ozone Park, N.Y. 11420-0016
718-887-6132