UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHILLIP JEAN-LAURENT,

                        Plaintiff,

    -against-

P.O. DIANE BOWMAN #07985; P.O. TAWANA HARVYE #12562; P.O. RUSSELL GRAZIANO #10140; P.O. ANDRES GONZALEZ #18072; SGT. JOSEPH MASCIA #00918; Lt. CHRISTOPHER CHARLES: THE CITY OF NEW YORK,

                        Defendants.

PROPOSED AMENDED COMPLAINT

12 CV 2954 (KAM)(LB)

**JURY TRIAL DEMANDED**

---

## I. Introduction

1. Plaintiff, Phillip Jean-Laurent, brings this action against individual members of the New York City Police Department, to redress the violation of rights secured to him in the Bill of Rights of the Amendments to the United States Constitution.

## II. Complaint

2. This is a complaint pursuant to the Civil Rights Act of 1871 as codified in Title 42 of the United States Code, Seqction 1983.

## III. Jurisdiction

3. This action is brought pursuant to Title 42 of the United States Code, Section 1983 to vindicate the violation of rights secured to plaintiff by the Fourth and Fourteenth Amendement to the United States Constitution.


RECEIVED SEP - 9 2013 PRO SE OFFICE

4. Plaintiff is a resident of the State of New York.

5. Upon information and belief, each and all of the defendants herein are residents of the State of New York.

6. Pursuant to Article III, Section 2 of the United States Constitution and Title 28 of the United States Code, Sections 1331 and 1343, jurisdiction is vested in this United States District Court to hear and decide federal claims arising under the constitution, laws and treatises of the United States.

7. The Federal Eastern District Court sitting in and for the eastern part of New York State is designated as the place of venue for claims arising out of the County of Queens, State of New York, by sections 112(c) and 1391 of Title 28 of the United States Code.

8. And pursuant to Title 28 of the United States Code, Section 1367, the supplemental jurisdiction of the Court is invoked over state law claims.

## IV. Parties

9. Phillip Jean-Laurent is the Plaintiff in this action, whose mailing address is P.O. Box 200016, South Ozone Park, New York 11420-0016.

### Defendants

10. Defendants Diane Bowman #07985, Tawana Harvey #12562, Russell Graziano #10140 and Andres Gonzalez #18072 were at all relevant times herein employed by the New York City Police Department, and at all relevant times herein

acted under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and useages of the City of New York in the capacity of police officers. This action is being brought against each of the defendants in their individual and official capacities.

11. Defendant Joseph Mascia #00918 was at all relevant times herein employed by the New York City Police Deaprtment, and at all relevant times herein acted under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and usages of the City of New York in the capacity of a sergeant. This action is being brought against him in his individual and official capacities.

12. Defendant Christopher Charles was at all relevant times herein employed by the New York City Police Department, and at all relevant times herein acted under the color and pretense of laws, statutes, regulations, ordinances, policies, customs and usages of the City of New York in the capacity of a lieutenant. This action is being brought against him in his individual and official capacites.

13. The New York City Police Department at all relevant time herein was the employer of the named defendants and at all relevant times herein acted under the color and pretense of laws, statutes, ordinances, policies, customs and usages of the City of New York in the capacity of a Department of the Municipality. This action is being brought against the New York City Police Department in the name of the City of New York.

3

## V. Statement of Facts

14. On May 5, 2011, defendant Harvey was working as an under-cover prostitute in the County of Queens at the intersection of Rockaway Boulevard and 129th Street when she flagged plaintiff as if in need of directions.

15. When plaintiff responded to the defendant's flagging, she proposed sexual favors to him in exchange for a sum of money, which he declined and walked away.

16. As plaintiff continued to walk away and cross the intersection of 130th Street and Rockaway Boulevard, three unmarked cars converged upon him, and he was apprehended by defendants Bowman, Gonzalez, Graziano, Mascia and Lt. Charles, and immediately placed under arrest.

17. Plaintiff was then placed in a police passenger van with two other officers who detained him along with approximately six to eight other individuals similarly arrested. Plaintiff along with the other arrestees were all criminally charged with patronizing a prostitute based on a wholesale allegation they approached the under-cover and offered her money in exchange for fellatio.

18. Plaintiff along with the other arrestees were imprisoned until he was released on his own recognizance after arraignment, and was subsequently compelled to appear in court and defend against a misdemeanor offense of patronizing a prostitute in the third degree pursuant to New York's Penal Law Statute.

19. Accordingly, plaintiff was imprisoned for more than 24 hours from the time of his arrest and was required to appear in court throughout the course of 10 months to defend against a criminal action.

20. The criminal action was commenced against plainitff based upon arrest reports and accusatory instruments created and attested to by defendants Bowman, Harvey, Graziano and Macia with full knowledge the allegations contained therein were deliberately fabricated and false.

21. Ultimately the criminal action was dismissed in the interest of justice after plaintiff rejected all plea offers and insisting on proceeding, to vindicate himself in a trial proceeding, which the District Attoney's Office was unwilling to prosecute the criminal action.

22. The arrest and criminal prosecution of plaintiff was by virtue of a municipal policy sanctioned by the New York City Police Commissioner Raymond Kelly, "to tackle the 'demand side' of prostitution throughout the City of New York, in prostitution sting operations dubbed 'Operation Losing Proposition' ".

23. By virtue of the municipal policy underlying "Operation Losing Operation", lower level police officers, including the defendants herein, were tacitly authorized to unlawfully entrap and/or fabricate falsified criminal allegations against law abiding citizens, including plaintiff, by means of soliciting male individuals and initiating sexual offers in exchange for sums of money, then arrest the solicitee for patronizing a prostitute whether ot not any agreements were made, and irrespective of whether the solicitee accepted

5

or declined the sexual proposition in exchage for money.

24. By virtue of knowledge and decision-making authority conferred upon defendant Charles, to select and supervise the defendants named herein to implement "Operation Losing Proposition", he personally authorized, approved and/or participated in the unlawful arrest, imprisonment and criminal prosecution of plaintiff and other arrestees based on identical wholesale allegations of offering and agreeing to receive fellatio from defendant Harvey in exchange for United States currency.

25. By virtue of the municipal policy objective[s] of "Operation Losing Proposition", designated police precincts primarily in minority neighborhoods employed unlawful prostitution entrapment schemes, that generally targeted minorities for arrest, as a means of fulfilling arrest quotas to generate revenue for the City of New York.

26. By virtue of the tactics employed to enforce the objective[s] of "Operation Losing Proposition", plaintiff was unlawfully arrested and imprisoned, and was criminal prosecuted based upon false and fabricated allegations, for the ultimate objective of generating revenue for the City of New York,

27. By virtue of the unlawful arrest, imprisonment and criminal prosecution of plaintiff, he was wrongfully deprived of and restrained in his liberty, he sustained economic harms and deterioration of his familial and intimate relationships.

28. By virtue of the arrest, imprisonment and criminal prosecution of plaintiff, he also suffered embarassment, humiliation and degradation, as well as extreme emotional and psychological distress.

29. By virtue of plaintiff's arrest, imprisonment and criminal prosecution, he was reimprisoned for violating conditions of his parole stipulations which caused plaintiff to lose employment, economic and educational opportunities.

## VI. Causes of Action

### FEDERAL CONSTITUTIONAL CLAIMS

### FALSE ARREST CLAIMS

#### Count I

30. By refernce to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles unprivileged warrantless arrest of plaintiff without probable cause violated rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

#### Count II

31. By refernce to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles unprivileged warrantless arrest of plaintiff without probable cause was knowingly and willfully done with wanton indifference to and deliberate disregards for the rights secured to plain-

7

tiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## FALSE IMPRISONMENT CLAIMS

### Count III

32. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles intended to confine and imprison plaintiff against his will and without privilege to do so in violation of rights secure to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count IV

33. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles knowingly and willfully intended to confine and imprison plaintiff against his will without privilege and with wanton disregards for and deliberate indifference to the rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of compensatory damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## MALICIOUS PROSECUTION CLAIMS

### Count V

34. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles commenced and continued a crimi-

nal action against plaintiff without probable cause and with actual malice that terminated in his favor, in violation of rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count VI

35. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles knowingly and willfully commenced and continued a criminal action against plaintiff without probable cause, and with malice aforethought, that terminated in plaintiff's favor, with wanton indifference to and deliberate disregards for the rights secured to plaintiff in the Fourth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages gainst the defendant in the amount of Ten Thousand ($10,000) dollars individually.

## ABUSE OF PROCESS CLAIMS
### Count VII

36. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles employed regularly issued legal process to impose forebearance of generating revenue for the City of New York on plaintiff with the intent to cause him harm without excuse of justification for collateral objectives outside of the legitimate ends of the process, in violation of rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,-

000) dollars.

### Count VIII

37. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles employed regular issued process against plaintiff with intent to cause him harm without excuse or justification and for collateral objectives outside the legal process, with malice aforethought and with wanton indifference to and deliberate disregards for, the rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages them in the amount of Ten Thousand ($10,000) dollars individually.

### DEFAMATION STIGMA PLUS CLAIMS

### Count IX

38. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles made false stimatizing statements of plaintiff that subjected him to restraint and deprivation of his liberty, in violation of rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count X

39. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles, with intent to injure plaintiff in his reputation and thereby caused him to be subjected to restraint and depri-

10

vation of his liberty, willfully and knowingly made false written statement against plaintiff, with malice aforethought and with wanton indifference to and deliberate disregards for, the rights of plaintiff secured by the Fourth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars.

## SUBSTANTIVE DUE PROCESS VIOLATION CLAIMS

### Count XI

40. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles fabricated false allegations against plaintiff in order to effectuate hi sarrest, imprisonment and criminal prosecution, in violation of rights secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, for which they are jointly and severally liable for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count XII

41. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles, knowingly and willfully fabricated statement that were know to be false against plaintiff, with malice aforethought, and with wanton difference to and deliberate disregards for the rights of plaintiff secured by the Fourth and Fourteenth Amendment to the Unite States Constitution, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

11

## MUNICIPAL LIABILITY CLAIM

### Count XIII

42. By reference to the allegations set forth herein, the New York City Police Department created and maintained a policy aimed at supplying the demand for prostitution through prostitution sting operations, whereby it tacitly authorized and approved its officers to make unlawful arrests by failing to adequately supervise its officers, with an objective towards maintaining arrest quotas and generating revenue for the City of New York, in violation of rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution, for which the City of New York is liable to plaintiff for compensatory damages in the amount of Five Hundred Thousand ($500,000) dollars.

## STATE LAW CLAIMS

## INJURIOUS FALSEHOOD CLAIMS

### Count XIV

43. By reference to the allegations set forth herein, defedants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles maliciously and knowingly made false written statements against plaintiff, with malice aforethought and with wanton indifference to and deliberate disregards for the rights of plaintiff secured by the Fourth and Fourteenth Amendment to the United States Constitution, for which plaintiff is entitled to an award of exemplary damages in the amount of Ten Thousand ($10,000) dollars against each of the defendants individually.

### Count XV

44. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles, knowingly and willfully made false

12

and misleading written statements against plaintiff, with malice aforethought and with wanton indifference to and deliberate disregards for the harm caused to plaintiff, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Count XVI

45. By reference to the allegations set forth herein, defendants Bowman Harvey, Gonzalez, Graziano, Mascia and Charles, by their extreme and outrageous conducts, intentionally caused plaintiff to suffer extreme emotional distress, for which they are jointly and severally liable to him for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count XVII

46. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles wrongfully and unlawfully, and with malice aforethought, caused plaintiff to suffer intentional inflcition of emotional distress, by their extreme and outrageous conducts, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,-000) dollars individually.

## CONSPIRACY CLAIMS

### Count XVIII

47. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles conspired to wrongfully and unlawfully arrest, imprison and criminally prosecute plaintiff, for purposes of causing

13

him economic harm and restraint and deprivation of his liberty, for which they are jointly and severally liable to plaintiff for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count XIX

48. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, graziano, Mascia and Charles wrongfully and unlawfully arrested, imprisoned and criminally prosecuted plaintiff with intent to cause him economic harm and restraint and deprivation in his liberty, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## DEFAMATION CLAIMS

### Count XX

49. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles orally made and published false written statements against plaintiff that is defamatory per se, and which tends to expose plaintiff to contempt, ridicule, aversion, disgrace and induce an evil opinion of plaintiff, which have deprived him of friendly intercourse with society, for which they are jointly and severally liable to him for compensatory damages in the amount of Fifty Thousand ($50,000) dollars.

### Count XXI

50. By reference to the allegations set forth herein, defendants Bowman, Harvey, Gonzalez, Graziano, Mascia and Charles orally made and published false

written statements against plaintiff wrongfully and maliciously, with inten to expose plaintiff to public contempt, ridicule, aversion, disgrace and induce an evil opinion of him in the minds of right thinking persons, to deprive him of their friendly society, for which plaintiff is entitled to an award of exemplary damages against them in the amount of Ten Thousand ($10,000) dollars individually.

## RESPONDEAT SUPERIOR CLAIM

### Count XXII

51. By reference to the allegations set forth herein, defendants Bowman, Harvey, gonzalez, Graziano, Mascia and Charles were acting within the scope of their employment when they committed the tortious acts in furtherance of the business objectives of the City of New York, for which the City of New York is vicariously liable to plaintiff for compensatory damages in the amount of Five Hundred ($500,000) dollars.

## V. Relief

52. Plaintiff seeks compensatory damages from the defendants in the amount of One Million, Five Hundred ($1,500,000.00) dollars for his pain and suffering, mental anguish, humiliation, degredation, embarassment, stigmatization, loss of consortium and companionship of friend and familial relationships, loss of educational, employment and economic opportunities, the deprivation of liberty and freedom from restraints.

53. Plaintiff seeks exemplary damages against each of the defendants individually on each claims in the amount of Ten Thousand ($10,000) dollars.

## VI. Previous Lawsuits

54. No previous lawsuits have been filed in any state or federal court regarding the facts involved herein.

Signed on this 29th day of August, 2013. I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements made herein are true and correct.

Dated: East Elmhurs, New York
       August 29, 2013

Respectfully submitted,

_____
Phillip Jean-Laurent
Plaintiff, Pro Se
P.O. Box 200016
South Ozone Park, N.Y. 11420