```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
PHILLIP JEAN-LAURENT,

                Plaintiff,                    ORDER ADOPTING REPORT
                                              AND RECOMMENDATION
        - against -
                                              12-CV-2954 (KAM)(LB)
P.O. DIANE BOWMAN, P.O. RUSSELL
GRAZIANO, SGT. JOSEPH MASCIA, P.O.
TAWANA HARVEY, Shield #12562, P.O.
ANDRES GONZALES, Shield #18072, AND
LIEUTENANT CHRISTOPHER CHARLES,

                Defendants.
------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Phillip Jean-Laurent initiated this *pro se* civil action seeking damages for alleged false arrest, malicious prosecution, abuse of process, stigma plus defamation, and violations of his due process rights pursuant to 42 U.S.C. § 1983, as well as several state law tort claims, arising out of his 2011 arrest and prosecution for patronizing a prostitute. (*See generally* ECF No. 1, Complaint.) Before the court on *de novo* review of a Report and Recommendation of the Honorable Lois Bloom are the parties' cross-motions for partial summary judgment. (*See* ECF No. 91, [Defendants'] Notice of Motion for Summary Judgment; ECF No. 95, Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment ("Def. Mem."); ECF No. 107, Plaintiff's Memorandum in Response to Defendants' Motion for Summary Judgment.)

1

Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that defendants' motion for partial summary judgment be granted in part and denied in part, and that plaintiff's motion for partial summary judgment be denied. (ECF No. 114, R&R dated July 7, 2014.) Both plaintiff and defendant Tawana Harvey have timely objected to the R&R. (*See* ECF No. 119, [Plaintiff's] Specific Written Objections to the Magistrate's R&R dated Aug. 4, 2014 ("Pl. Obj."); ECF No. 115, Defendant Tawana Harvey's Objections to the July 7, 2014 R&R dated July 15, 2014 ("Def. Obj.").) Having undertaken a *de novo* review of the record in light of the parties' written objections pursuant to 28 U.S.C. § 636(b)(1)(C), the court respectfully denies the parties' objections, incorporates the R&R by reference and adopts it in its entirety.

## STANDARD OF REVIEW

To the extent that a party makes specific and timely objections to a magistrate's findings, the court must apply a *de novo* standard of review. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. § 636(b)(1)(C). After such review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The detailed facts in this matter are set forth in Magistrate Judge Bloom's R&R. In light of both defendant Harvey

and plaintiff's timely objections, the court has undertaken a *de novo* review of the full record including the applicable law, the pleadings, the underlying record, the parties' submissions on the instant motions, the R&R, and the parties' objections to the R&R. *See* 28 U.S.C. § 636(b)(1)(C).

Defendant Harvey makes two objections to the R&R. First, Harvey argues that the malicious prosecution claim against her should be dismissed because Judge Bloom erroneously found that the proceedings terminated in plaintiff's favor. (Def. Obj. at 2.) Specifically, Harvey argues that Judge Bloom erred in determining that the state trial court's dismissal of the charges against plaintiff (1) was not the result of a compromise with plaintiff and (2) was "'neutral' and not inconsistent with innocence." (*See id.* at 5-6.)

Second, Harvey objects to Judge Bloom's finding that Harvey's allegedly false statements in her supporting deposition "would likely influence a jury." (*Id.* at 7.) Harvey contends that because her statements could "reach a jury only through her own testimony, for which she is entitled to absolute immunity," plaintiff's claim based on her statements must fail. (*Id.* at 8.)

Plaintiff submits six specific objections to the R&R. First, plaintiff objects to the denial of summary judgment in his favor on his false arrest claim against Harvey. Plaintiff asserts that Harvey did not "rebut the presumption of law that plaintiff's warrantless arrest was without probable cause"

3

because her contradictory version of the events surrounding plaintiff's arrest was uncorroborated. (Pl. Obj. at 2-3.) In response, defendants contend that plaintiff incorrectly states the standard required to withstand summary judgment and that there is a factual dispute as to whether there was probable cause for plaintiff's arrest, thereby defeating plaintiff's motion. (ECF No. 118, Defendants' Response to Plaintiff's Objections to the R&R dated Aug. 15, 2014 ("Def. Resp.") at 2-3, 4 n.2.)

Second, plaintiff argues that Judge Bloom erred in finding that defendants Mascia, Graziano, Gonzalez, and Charles were entitled to qualified immunity on plaintiff's false arrest claim before defendants had addressed whether any recordings were made in connection with arrests on May 5, 2011, the date of plaintiff's arrest. (Pl. Obj. at 4; *see* R&R at 9-11.) Defendants argue that it is undisputed that those officers did not hear defendant Harvey's conversation with plaintiff and that the affidavit of defendant Charles, submitted in support of defendants' summary judgment motion, states that the recordings plaintiff seeks do not exist. (Def. Resp. at 3-4.)

Third, plaintiff objects to Judge Bloom's finding that defendants Bowman and Mascia were entitled to qualified immunity on plaintiff's malicious prosecution claim, as well as Judge Bloom's denial of plaintiff's summary judgment motion on his malicious prosecution claim as to defendants Harvey and Mascia. (Pl. Obj. at 4.) Plaintiff argues that the R&R is in error

4

because no evidence has been presented to corroborate Harvey's statement to the other officers regarding her purported conversation with plaintiff, upon which those officers were found to have relied. (*Id.* at 4-5.) Further, plaintiff argues that the defendants could not reasonably rely on Harvey's representation because "apparent probable cause did not in fact exist" for plaintiff's arrest. (*Id.* at 6.) Defendants again respond that (1) there is a factual dispute as to whether there was probable cause for plaintiff's prosecution, precluding summary judgment for plaintiff and (2) that "d]efendants Bowman's and Mascia's reliance on Officer Harvey's version of events was reasonable, entitling them to qualified immunity." (Def. Resp. at 4 n.2, 5.)

Fourth, plaintiff objects to Judge Bloom's recommendation that summary judgment be granted in favor of defendants on plaintiff's stigma plus defamation claim. Plaintiff's argument is that he was deprived of a liberty interest by having to submit to intensive parole supervision, rather than by the revocation of his parole, without a hearing as a result of his arrest. (Pl. Obj. at 6-7.) Defendants argue in response that plaintiff has no liberty interest in the execution of the conditions of his parole, only in the revocation of his parole, for which he was afforded adequate process. (Def. Resp. at 6.)

Fifth, plaintiff contends that the R&R erred in concluding that plaintiff had failed to demonstrate that the

defendants other than Harvey knew of or participated in the alleged fabrication of evidence. (Pl. Obj. at 7.) He argues that it is premature to grant those defendants summary judgment until they address whether any recordings from the day of plaintiff's arrest exist. (*Id.* at 7; *see* R&R at 8 n.10.) Defendants again contend that they have demonstrated that no such recordings exist, and that the fact that none of the officers heard Harvey's conversation with plaintiff is undisputed and fatal to plaintiff's claim. (Def. Resp. at 4 n.3.)

Finally, plaintiff objects to Judge Bloom's recommendation that plaintiff's state law claims be dismissed because there is no notice of claim requirement where the municipality has no duty to indemnify its employees. (See Pl. Obj. at 8 (citing, *inter alia*, N.Y. Gen. Mun. Law § 50-k(3)).) Plaintiff claims that the City of New York had no such duty to indemnify defendants because they committed intentional wrongdoings outside the scope of their employment. (Pl. Obj. at 8.) Defendants respond that the notice of claim requirements still apply and, regardless, plaintiff's claims would be time-barred under New York's one-year statute of limitations for intentional torts. (Def. Resp. at 6 (citing N.Y. CPLR § 215).)

The court has considered the foregoing objections and undertaken a *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. Having conducted such review, and upon careful consideration of the

6

parties' objections, the objections are overruled.  This court, fully concurring with Magistrate Judge Bloom in all material respects, hereby adopts, in its entirety, the rationale articulated in the detailed, thorough and well-reasoned R&R, which embodies a correctly grounded analysis of the factual record and legal authorities.

Specifically, with regard to defendant Harvey's objections, the court agrees with and adopts Judge Bloom's determinations that (1) as to plaintiff's malicious prosecution claim, the dismissal of charges against plaintiff in the underlying criminal proceeding was not inconsistent with innocence and (2) Harvey's allegedly false statements are sufficiently material to plaintiff's procedural due process claim in that they "would likely influence a jury."[1]

---

[1] As Judge Bloom noted, a plaintiff "suffers a constitutional violation if an (1) investigating officer (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (internal citations omitted).  The cases cited by defendants in objection to Judge Bloom's finding that Harvey's allegedly false statement was likely to influence a jury find that the false statements at issue in those cases were insufficiently material to influence a jury. *See Jones v. City of New York*, No. 12-CV-3658, 2013 WL 6047567, at *10 (E.D.N.Y. Nov. 14, 2013) ("even if evidence of the alleged show-up was somehow admitted at trial . . . . [t]he undisputed statements Faloye made to Rodriguez at the precinct identifying Jones as acting in concert with Machon and Welch would render evidence of the allegedly fabricated show-up essentially immaterial"); *Carr v. City of New York*, No. 11 CIV. 6982, 2013 WL 1732343, at *7 (S.D.N.Y. Apr. 19, 2013) (finding that the alleged fabrications were unlikely to influence a jury because they were "only relevant to the two sale charges, for which plaintiff was acquitted. Evidence of an exchange, whether true or not, would not have impacted the jury's verdict regarding the possession with intent to sell charge.").  In this case, however, the alleged fabrications are central to the question of whether Harvey had probable cause to arrest plaintiff and, thus, would likely influence a jury.  Plaintiff need not demonstrate that the purportedly false statements would reach a jury because he has demonstrated a material factual issue as to the causation element—i.e., that Harvey's alleged fabrication of evidence led to his brief pre-trial detention.  *Cf. Jovanovic*, 486 Fed. App'x

With respect to plaintiff's objections, the court agrees with Judge Bloom's findings that (1) a disputed material factual issue exists as to whether plaintiff offered to pay money in exchange for sex and precludes summary judgment against defendant Harvey on the false arrest and malicious prosecution claims; (2) the evidence establishes that defendants Mascia, Graziano, Gonzalez, and Charles reasonably relied on Harvey's hand signal and were entitled to qualified immunity on the false arrest claim;[2] (3) defendants Mascia and Bowman reasonably relied on Harvey's statement that plaintiff had agreed to pay money in exchange for sex and were entitled to qualified immunity on the malicious prosecution claim; (4) plaintiff did not have a protected liberty interest in his parole and was afforded adequate process prior to the revocation of his parole; and (5) plaintiff's state law claims for injurious falsehood, intentional infliction of emotional distress, conspiracy, and defamation should be dismissed because plaintiff failed to file a timely notice of claim. Regarding plaintiff's state law claims listed above, the court finds that, in the alternative, the claims are time-barred under the one-year statute of limitations for intentional torts. *See* N.Y. CPLR § 215.

---

at 152 (finding that plaintiff could not show that his deprivation of liberty, incarceration after a criminal conviction, was caused by the officer's statements, for which the officer enjoyed absolute immunity); *Carr v. City of New York*, 2013 WL 1732343, at *7 (same).

[2] Additionally, although plaintiff claims that he only learned about the recording issue late in discovery, the court notes that plaintiff had sufficient time to complete discovery and is not entitled to additional

8

## **CONCLUSION**

For the reasons set forth above, Magistrate Judge Bloom's well-reasoned and thorough Report and Recommendation is incorporated by reference and adopted in its entirety and both parties' objections are respectfully denied. Therefore, plaintiff's motion for summary judgment is denied in its entirety, and defendants' motion for summary judgment is granted in part and denied in part as follows:

(1)  Defendants' motion for summary judgment on plaintiff's false arrest and false imprisonment claims under § 1983 against Bowman, Mascia, Graziano, Gonzalez and Charles is granted and those claims are dismissed.

(2)  Defendants' motion for summary judgment on plaintiff's malicious prosecution claim under § 1983 is granted as to all defendants except Harvey.

(3)  Defendants' motions for summary judgment on plaintiff's abuse of process claim and stigma plus defamation claim are granted and those claims are dismissed.

(4)  Defendants' motion for summary judgment on plaintiff's procedural due process claims is granted as to all defendants except Harvey.

(5)  Plaintiff's request for further discovery is denied and defendants' motion for summary judgment on plaintiff's *Monell* claim is granted.

---

discovery.

(6) Defendants' motion for summary judgment on plaintiff's state law claims against all defendants is granted, except the state law malicious prosecution claim against Harvey and derivative respondeat superior liability against the city.

Thus, plaintiff's false arrest, malicious prosecution, and procedural due process claims against defendant Harvey and state law malicious prosecution claim against the City of New York will proceed.  The Clerk of Court is respectfully requested to (1) dismiss defendants Bowman, Graziano, Gonzalez, Mascia and Charles this case and (2) serve plaintiff with a copy of this order and note service on the docket. The parties are to confer and report to the court as to how they intend to proceed via ECF on or before September 24, 2014.  Additionally, the parties shall file a proposed joint pretrial order in accordance with the court's Individual Practices by October 6, 2014 and be ready to go to trial within 48 hours notice.

**SO ORDERED.**

Dated:    September 18, 2014
          Brooklyn, New York

                                        _____  /s/_____
                                        KIYO A. MATSUMOTO
                                        United States District Judge
                                        Eastern District of New York