```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
PHILLIP JEAN-LAURENT,

            Plaintiff,
                                          ORDER
     - against -                          12-CV-2954 (KAM)(LB)

 P.O. TAWANA HARVEY, Shield #12562,

            Defendant.
-------------------------------------X
```

**MATSUMOTO, United States District Judge:**

Plaintiff Phillip Jean-Laurent commenced this action against Police Officer Tawana Harvey and others, alleging that Officer Harvey, along with other officers, violated his constitutional rights in connection with a May 2011 arrest and prosecution for solicitation of an undercover officer. Jury selection and trial commenced on January 12, 2015. (*See* Minute Entry dated 1/12/15.) Following a three-day trial, on January 14, 2015, the jury found Officer Harvey not liable on plaintiff's federal and state law false arrest, malicious prosecution, and fabrication of evidence claims. (ECF Minute Entry dated 6/1/2011; ECF No. 566, Jury Verdict.)

Presently before the court are (1) plaintiff's motion for judgment as a matter of law pursuant to Rule 50(b), and (2) in the alternative, his motion for a new trial pursuant to Rule 59. Defendant opposes plaintiff's motions. The court has carefully reviewed the trial record, the parties' submissions,

1

and the relevant case law and is satisfied that (1) drawing all reasonable inferences in favor of the non-moving party, and giving deference to the jury's credibility determinations, there was sufficient evidence to support the jury's verdict, *see Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 153 (2d Cir. 2014) (noting that a district court considering a Rule 50 motion must "draw all reasonable inferences in favor of the nonmoving party," refrain from making credibility determinations, and grant the motion only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue") (citations omitted); and (2) defendant's counsel's cross-examination of plaintiff concerning plaintiff's December 2011 interaction with a woman who has worked as a prostitute was proper and, in any event, did not elicit any evidence of plaintiff's December 2011 arrest.

Accordingly, the court denies plaintiff's Rule 50[1] and Rule 59 motions. Counsel for defendant is ordered to serve a copy of this Order on plaintiff and note service on the docket by May 13, 2015.

**SO ORDERED.**

Dated:   May 11, 2015
         Brooklyn, New York

                                                              /s/
                                          **KIYO A. MATSUMOTO**
                                          United States District Court
                                          Eastern District of New York

---

[1] Although plaintiff did not make any motion pursuant to Rule 50 before the case was submitted to the jury, in deference to plaintiff's *pro se* status, the court has considered his post-trial motion for judgment as a matter of law and finds that it fails for the reasons set forth above. *See Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 117 (2d Cir. 2004) ("A post-trial Rule 50(b) motion for judgment as a matter of law is properly made only if a Rule 50(a) motion for judgment as a matter of law has been made before submission of the case to the jury.") (citations omitted).